UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:24-CR-19-KAC-JEM |
| ) | |
| CHRISTOPHER C. GILMORE, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This case is before the Court on Defendant Christopher Gilmore's Motion for Pretrial Release [Doc. 302 SEALED]. *See* 28 U.S.C. § 636(b). Following a detention hearing, the undersigned detained Defendant pending trial after finding no conditions or combination of conditions would reasonably assure the safety of the community [Doc. 124 & 124-1]. Defendant subsequently received new court-appointed counsel [Doc. 274] and now asks to reopen his detention hearing based upon the availability of a different inpatient drug treatment program followed by a residential "sober living" program, Defendant's limited role in the alleged conspiracy, the harsh results of imposing the statutory presumption, and his proposed reweighing of the factors in 18 U.S.C. § 3241(g) [Doc. 302 pp. 2–3, 7–8, 10 & 12–16]. The Government asks the Court to deny Defendant's motion, asserting that the proposed new information does not reflect truly changed circumstances showing Defendant is less likely to be a danger [Doc. 314 SEALED p. 3].

None of Defendant's proposed new information was unknown or not capable of being known at the time of the detention hearing, and most is not material. Accordingly, his motion to reopen the detention hearing [**Doc. 314**] is **DENIED**. The undersigned also finds that Defendant's

motion and the Government's response may continue under seal because of sensitive information stated therein. This Memorandum and Order, however, does not recount those details and need not be sealed.[1]

## I. DETENTION DETERMINATION

The Court held a detention hearing for Defendant Gilmore that extended over three dates: February 27, 2024; March 8, 2024; and March 18, 2024 [Docs. 50, 109 & 113].[2] On March 20, 2024, the undersigned ordered that Defendant be detained pending trial, finding that although Defendant rebutted the presumption that no conditions or combination of conditions would assure his appearance or protect the community, clear and convincing evidence revealed him to be a danger to the safety of the community [Doc. 124 p. 2]. The undersigned considered the proffered

---

[1] Information provided at the detention hearing and in the Court's Order of Detention [Doc. 124 & 124-1] is part of the public record and not sealed.

[2] As the Court noted in the supplemental reasons for its Order of Detention Pending Trial,

> At the February 27 hearing, Defendant indicated that his family was researching available substance abuse treatment programs for him. The Court continued the hearing until March 8 so the family could explore those opportunities. At the March 8 hearing, the Court found by clear and convincing evidence that Defendant poses a danger to the community or another person and took under advisement the issue of whether any condition or combination of conditions would reasonably assure the safety of the community. Following the March 8 hearing, the Court received a voice message regarding the need for Defendant to care for his nephew and information about Dr. Henry serving as a third-party custodian and facilitating Defendant's participation in a substance abuse treatment program in Texas. The Court therefore continued the hearing again to March 18 so that the parties could present any additional information about potential conditions.

[Doc. 124-1 p. 3 n.3].

conditions that Defendant participate in either inpatient or out-patient drug treatment; that he reside with a third-party custodian Dr. Dale Henry, who would provide transportation and facilitate his drug treatment; and that he continue to work for Dr. Henry and care for his disabled nephew [Doc. 124-1 p. 3]. The Court found these conditions would not reasonably assure the safety of the community due to Defendant's longstanding and significant heroin habit, Dr. Henry's demonstrated inability to deter Defendant's known substance abuse, the questionable suitability of the proffered inpatient drug treatment, and the continued application of the rebuttable presumption [*Id*. at 3–4].

## II. ANALYSIS

The Bail Reform Act permits the Court to reopen a detention hearing "at any time before trial, if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2). To reopen a detention hearing, the Court assesses whether "new information exists that was unknown to the movant at the time of the hearing," and whether "the new information has a material bearing" on the existence of conditions that will reasonably assure the defendant's appearance and the safety of others. *United States v. Watson*, 475 F. App'x 598, 600 (6th Cir. 2012).

As to the first requirement that the information be unknown at the time of the detention hearing, "many courts have interpreted this provision strictly, holding that a detention hearing should not be reopened if the evidence was available at the time of the hearing." *United States v. Fordham*, No. 3:22-CR-109-1, 2022 WL 2898912, at *4 (M.D. Tenn. July 21, 2022) (citing *United*

3

*States v. Dillon*, 938 F. 2d 1412, 1415 (1st Cir. 1991)); *see also United States v. Bothra*, No. 20-1364, 2020 WL 2611545, at *1 (6th Cir. May 21, 2020) ("Courts interpret this requirement strictly, requiring a showing of truly changed circumstances or a significant event." (citations omitted)). The requirement that the evidence be previously unknown "precludes a party from a second bite of the detention apple unless there is some demonstrated legitimate reason for not having initially presented the evidence." *United States v. Adams*, No. 24-121, 2024 WL 4227313, at *3 (E.D. La. Sept. 18, 2024) (citations omitted). Thus, "a defendant cannot re-open detention to present evidence that he could have investigated before the detention hearing." *Id*. at 4 (citation omitted) (observing that "[m]ost courts" agree with the "strict interpretation of § 3142(f)" wherein a defendant is charged with "not just actual knowledge, but also constructive knowledge, i.e., knowledge that one using reasonable care or diligence should have").[3]

As for the materiality prong, "the new information must be of a nature that would increase the likelihood that the defendant will appear at trial and would show that the defendant is less likely to pose a danger to the community." *Watson*, 475 F. App'x at 600. Whether to grant a motion to reopen is a matter within the Court's discretion. *Id.*

Defendant offers the following as new information warranting reopening the detention hearing in this case: (1) that a bed is available for Defendant Gilmore at a different inpatient drug treatment program, which offers a residential "sober living" program after completion of the

---

[3] Even courts adopting a "less restrictive approach" consider whether the failure to present available evidence at the detention hearing evidences a "complete lack of diligence" and whether the party moving to reopen is "attempting to 'schedule seriatim hearings for detention until it "gets it right."'" *United States v. Bills*, No. 3:19-cr-00069, 2019 WL 1901643, at *5 (M.D. Tenn. Apr. 29, 2019) (quoting *United States v. Tommie*, No. CR-10-1578-PHX-SRB(DKD), 2011 WL 2457521, at *4 (D. Ariz. June 20, 2011)).

4

inpatient program; (2) Defendant's role in the alleged conspiracy was limited and did not involve calling customers on the intercepted telephone number; (3) the statutory presumption results in harsh outcomes; and (4) the Court should reweigh the factors in 18 U.S.C. § 3241(g) [Doc. 302 pp. 2–3, 7–8, 10 & 12–16]. As discussed below, none of these provides a basis to reopen the detention hearing.

### A. Inpatient Drug Treatment and Residential Program

Defendant asks the Court to reopen the detention hearing to allow him to present evidence of a different inpatient drug treatment program [Doc. 302 pp. 2–3]. Defendant contends this program has a bed available for him, and following the thirty-day inpatient program, Defendant may reside in the provider's "sober living" residential program for up to ninety days [*Id*. at 2]. He maintains that this treatment and subsequent residential program addresses the Court's concerns regarding the inpatient program offered at his detention hearing (the program was unverified and for disabled men in Houston, Texas, and Dr. Henry was not a capable third-party custodian) [*Id*.]. Defendant proposes that if his case is still ongoing after the end of the residential term, the Court could hold a status conference to determine whether a long-term sober-living residence is appropriate or if Defendant should return to his own residence with or without a third-party custodian [*Id*. at 3].

At his detention hearing, Defendant offered two outpatient treatment programs and one inpatient drug treatment program as proposed conditions of release. Defendant's newly-offered program of drug treatment and sober living is in Knoxville, Tennessee, and could have been proposed at the detention hearing. The undersigned continued the detention hearing twice to allow Defendant to explore potential drug treatment options and places to live. If proposing a different

5

Case 3:24-cr-00019-KAC-JEM    Document 342    Filed 12/02/24    Page 5 of 10
PageID #: 1292

but existing treatment program, residence, or third-party custodian, were sufficient to reopen a detention hearing, the potential for any defendant to reopen his or her hearing would be exponential. Defendant Gilmore had a full and fair detention hearing at which he proposed inpatient drug treatment followed by living with a third-party custodian. The Court finds the current proposal is not new information within the meaning of § 3142(f)(2) and that reopening the detention hearing for this reason would serve to provide a second bite at the detention apple. *See United States v. Chappell*, No. 3:17-cr-361-B (2), 2017 WL 11517833, at *4 (N.D. Tex. Oct. 10, 2017) (determining defendant's proposal that he live with his employer who would be his third-party custodian is not "the kind of new information or newly discovered evidence that Section 3142(f)(2) contemplates").[4]

### B. Defendant's Role in the Alleged Conspiracy

Defendant challenges [Doc. 302 pp. 3–4] the Court's finding regarding the circumstances of the charged offense that "Defendant was recorded having drug-trafficking conversations with customers" [Doc. 124-1 p. 1]. Defendant alleges that, instead, he was the customer on the intercepted calls and had a limited role in the alleged conspiracy [Doc. 302 pp. 3–4]. The Government denies proffering that Defendant had conversations with customers on the intercepted calls [Doc. 314 p. 4]. While acknowledging the potential for confusion from its proffer, the Government states that law enforcement intercepted conversations between Defendant Gilmore and Codefendants Evans and Vanriette, in which Gilmore sought to purchase drugs and relayed

---

[4] Even under the "less restrictive approach" for evaluating whether a detention hearing should be reopened under § 3142(f), the Court would find that the current proposal is not new information.

customer complaints, on Defendants Evans's and Vanriette's "customer phone," rather than Evans's personal cell phone [*Id*.].

Upon review, the Court agrees that it misunderstood and mischaracterized the Government's proffer in stating that Defendant Gilmore conversed with drug-trafficking customers, rather than his drug suppliers, on the intercepted calls. This mischaracterization, however, is immaterial to the Court's analysis of the nature and circumstances of the charged offense. Defendant is still charged in a large conspiracy of at least fifteen people with conspiring to distribute fentanyl, a particularly dangerous drug [Doc. 124-1 p. 1]. Overdose deaths are still connected to this case, although not directly tied to Defendant [*Id*.]. Defendant Gilmore was still recorded having drug-trafficking conversations with Codefendants Evans and Vanriette, who also went to Defendant's residence multiple times [*Id*.]. And, as previously considered by the Court, "[t]he Government asserted [(as Defendant does now)] that Defendant participated in the conspiracy to support his addiction" [*Id*.]. That Defendant Gilmore was intercepted conversing with his drug suppliers, rather than with customers, does not change the Court's conclusion that the nature and circumstances of Defendant's charged offense weighs in favor of detention. *See* 18 U.S.C. § 3242(g)(1). This alleged new evidence is not material to the Court's finding that Defendant is a danger to the community.

As a part of this argument, Defendant alleges that information gained in discovery reveals his role in the conspiracy, if any, was limited [Doc. 302 pp. 3–4]. The Court finds this is also immaterial to the detention analysis. First, the Court's analysis at the detention hearing does not modify or limit Defendant's presumption of innocence. 18 U.S.C. § 3142(j); *see also United States v. Stone*, 608 F.2d 939, 948 (6th Cir. 2010) (holding that the weight of the evidence against the

defendant in § 3142(g)(2) is the weight of the evidence of defendant's dangerousness, not of his or her guilt). Second, the Court found the weight of the evidence of Defendant Gilmore's dangerousness to be high based primarily on his admitted use of heroin every other day, which necessarily means he engaged in drug trafficking [Doc. 124-1 pp. 1–3]. Drug trafficking is inherently dangerous. *United States v. Hernandez*, No. 1:02-CR-6, 2002 WL 1277911, at *2 (E.D. Tenn. Feb. 27, 2002). Accordingly, Defendant's contentions about his role in the conspiracy are not a basis to reopen the detention hearing.

### C. Policy Arguments about the Rebuttable Presumption

"In further support" of his motion to reopen the detention hearing, Defendant asks the Court to consider statistics published in 2013, which he argues show the rebuttable presumption results in a high rate of detention for "low-risk" defendants with little or no prior criminal history [Doc. 302 pp. 7–10]. Defendant acknowledges that proposed "legislative reform" regarding the rebuttable presumption has not been enacted but maintains that "this Court can certainly take it into account when evaluating the presumption of detention in this case" [*Id*. at 8].

This information was available at the time of Defendant's detention hearing and, thus, is not a basis for reopening that hearing. But even more, this information is not material to the Court's analysis of the detention question. The Bail Reform Act requires the Court to undertake an individual determination for each defendant, rather than relying on a general statistical analysis, such as that advocated by Defendant. *United States v. Sherburne*, No. 4:23-CR-2-CEA-SKL, Doc. 33 p. 7 (E.D. Tenn. Feb. 24, 2023) (determining that "generalized statistics ["concerning pretrial detention in this District"] are irrelevant to the individualized determination the Court is required to undertake" pursuant to the Bail Reform Act); *see also United States v. Kelly*,

8

No. 19-MJ-4475 (MAH), 2020 WL 1847668, at *2 (D.N.J. Apr. 9, 2020) (reasoning that "the COVID-19 pandemic is not, by itself, a basis for release of a pretrial detainee[, but i]nstead, the paramount consideration under Sections 3142(g) and (i) continues to be the individual circumstances of the particular pretrial detainee" (emphasis omitted)). The Bail Reform Act dictates the application of the rebuttable presumption in this case based upon Defendant's charged offense. 18 U.S.C. § 3142(e)(3)(A). Accordingly, Defendant's policy arguments are not pertinent to the Court's determination at a detention hearing, much less as a basis to reopen one.

### D. Reweighing § 3142(g) Factors

Defendant invites the Court to reconsider the § 3142(g) factors and the weight it gave to the information before it during the detention hearing [Doc. 302 pp. 13–16]. That Defendant has new counsel or perceives that he has a better argument regarding information already presented to the Court is not a basis to reopen the detention hearing. *Adams*, 2024 WL 4227313, at *3 (citation omitted); *see also United States v. Cisneros-Monje*, No. 20-159, 2022 WL 2757400, at *1 n.1 (E.D. Cal. July 14, 2022) ("New counsel and/or a better argument is not new information within the meaning of § 3142(f).").

### E. Continued Sealing of Motion and Response

Defendant moved to seal his motion to reopen his detention hearing "due to the sensitive nature of the information contained therein," asserting that "[d]isclosure of this information could place [him] in unnecessary danger" [Doc. 298]. The undersigned granted the motion to seal but stated that the motion may be unsealed later if appropriate [Doc. 300] and directed the Government to state its position on whether the motion should remain under seal [Doc. 301]. The Government stated that continued sealing is appropriate for the motion and response [Doc. 314 pp. 5–6].

9

After reviewing the contents of the sealed motion and response, the undersigned finds that continued sealing of these documents is appropriate due to the sensitive nature of some information therein. Accordingly, the motion and response shall remain under seal. This Memorandum and Order, however, does not recount the sensitive information and need not be sealed.[5]

## III. CONCLUSION

Defendant Gilmore's purported new information does not warrant the reopening of the detention hearing. Accordingly, the Court **ORDERS** as follows:

>  (1) Defendant's Motion for Pretrial Release [**Doc. 302 SEALED**] asking to reopen the detention hearing is **DENIED**; and
>
>  (2) Defendant's Motion for Pretrial Release [**Doc. 302**] and the Government's response [**Doc. 314**] shall remain **UNDER SEAL**.

**IT IS SO ORDERED**.

ENTER:

*/s/ Jill E. McCook*
Jill E. McCook
United States Magistrate Judge

---

[5] Nor does any of the sensitive information not recounted herein change the Court's analysis that reopening the detention hearing is not warranted.